Yovana Vianey NOLASCO–VILLACRE,
Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 11–72209.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2013.*

Filed Feb. 14, 2013.

Fabian C. Serrato, Serrato Law Firm, Santa Ana, CA, for Petitioner.

Jacob Bashyrov, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

MEMORANDUM **

Yovana Vianey Nolasco–Villacre, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings based on ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo constitutional claims. *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We deny the petition for review.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

The BIA did not abuse its discretion or violate due process in denying Nolasco–Villacre's motion to reopen as untimely, where it was filed over ten years after her order of removal became final, *see* 8 C.F.R. § 1003.2(c)(2) (motion to reopen generally must be filed within 90 days of the final order), and Nolasco–Villacre failed to establish that she qualified for equitable tolling of the filing deadline, *see Avagyan v. Holder,* 646 F.3d 672, 678–80 (9th Cir.2011) (equitable tolling is available to a petitioner who establishes that she was prevented from filing because of deception, fraud or error, and exercised due diligence in discovering such circumstances); *see also Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.